Jimmy F. ASHMORE, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–804.

United States Court of Veterans Appeals.

Submitted June 13, 1991.

Decided Nov. 22, 1991.

Jimmy F. Ashmore, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, Washington, D.C., and Stephen A. Bergquist, Boston, Mass., were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and HOLDAWAY, Associate Judges.

KRAMER, Associate Judge:

On July 11, 1990, the Board of Veterans' Appeals (BVA) rendered a decision denying the appellant, Jimmy F. Ashmore, increases in the disability ratings assigned to his service-connected post-traumatic facial asymmetry, residuals of cerebral concussion, and maxillary sinusitis. Upon consideration of the record and briefs of the parties, the Court holds that the BVA's decision not to increase the disability rating assigned to Ashmore's post-traumatic facial asymmetry is not clearly erroneous. The Court also holds that the BVA failed to provide adequate reasons or bases for its decisions not to increase the disability ratings assigned to Ashmore's maxillary sinusitis and residuals of cerebral concussion, and that the BVA erroneously failed to address Ashmore's claim for service connection for a psychological disorder. Accordingly, we affirm in part, and vacate and remand in part, the decision of the BVA.

## I.

While serving on active duty with the United States Army in December 1954, Ashmore was seriously injured when the car he was riding in was involved in an automobile accident. As a result of this accident, Ashmore sustained a severe concussion, fractures to his nasal and left maxilla bones, a slightly deviated nasal septum, lacerations to his eyelid and upper lip, the loss of his incisor teeth, and the displacement of his jaw and back teeth. He was hospitalized for approximately five weeks after the accident, during which time the doctors tried unsuccessfully to repair the damage to Ashmore's maxilla bone and realign his jaw and nose.

In early 1981, Ashmore filed a claim for disability compensation with the Veterans' Administration (now Department of Veter-

ans Affairs) (VA), alleging that he suffered from various disabilities arising out of the 1954 automobile accident. On September 10, 1981, he was granted service connection for "facial asymmetry, post-traumatic, secondary to fracture of the maxilla, including deviation of nasal septum, small scar to the right eyelid, and loss of upper teeth (no. 7 & 8)," R. at 30, and given a 10–percent disability rating effective May 19, 1981. Ashmore was also granted service connection for his maxillary sinusitis and the residuals of his cerebral concussion arising out of the 1954 accident, but was given a non-compensable (0–percent) rating for them.

Ashmore reopened his claim in September 1988, seeking an increase in his disability ratings. In December 1988, Ashmore wrote to the VA declaring that in addition to an increase in his disability ratings, he was also seeking service connection for a nervous condition which he alleged was secondary to his 1954 head injury, stating in part:

> As a result of my head injury I have had severe depression and panic attacks for more than 25 years. I have frequent sinus headaches, facial pain, [and] bloody mucous drainage from my sinuses.

R. at 64. In support of his reopened claim, Ashmore submitted VA outpatient treatment records from the period December 1987 to April 1988, which noted that he was being treated for tension headaches and a continuing anxiety disorder.

On February 17, 1989, Ashmore underwent a VA examination. Although the examination report noted that Ashmore's nasal bridge was deviated to the left, that his right eyelid was lower than his left, and that his left cheek was sunken as compared to his right, it found that overall his facial deformities were "mild." The examination report also noted that Ashmore was suffering from chronic sinusitis. With respect to Ashmore's psychological condition, the examination report noted that Ashmore had related a poor work history, and that he stated that eventually he became self-employed due to his inability to relate to others. The examining doctor's impression was that Ashmore was suffering from a "generalized stress disorder," but that "his vocational and social capacity [were] not impaired." R. at 70–72.

The Montgomery, Alabama, VA Regional Office denied Ashmore's claim on April 18, 1989. Ashmore appealed this decision to the BVA, stating that he had a "repugnant facial deformity," "frequent headaches," "constant drainage from his sinuses," and "psychological disturbances," as the result of the 1954 accident. R. at 108. He was then accorded an oral hearing on February 28, 1990. At that hearing, Ashmore related that he suffered from numerous headaches (both sinus and tension), constant nasal discharge, sleeping difficulties, dizzy spells, occasional tinnitus, and an anxiety condition, all of which he attributed to his 1954 accident. R. 110–123. The hearing officer, however, confirmed the Regional Office's denial of Ashmore's claim.

On July 11, 1990, the BVA denied Ashmore's claim.

> In the present case, [a] recent VA medical examination, [was conducted] in [February] 1989 [which found that] there were no signs of trauma or injury to the veteran's skull. The nasal bridge was deviated to the left, with the right eyelid somewhat lower than the left, and the left cheek sunken when compared to the right. . . . The clinical assessments were mild facial deformity, secondary to motor vehicle accident, and chronic sinusitis. We have taken into account the veteran's contentions regarding the current severity of his service-connected facial asymmetry, cerebral concussion, and maxillary sinusitis. Based upon current findings, however, the Board is of the opinion that the actual manifestations of these disorders are adequately represented by the disability evaluations presently in effect, and that increased ratings are not warranted.

*Jimmy F. Ashmore*, BVA 90–19236 at 4 (July 11, 1990). Ashmore subsequently perfected an appeal to this Court.

## II.

■ Facial disfigurement is rated under 38 C.F.R. § 4.118, diagnostic code 7800

(1991), which distinguishes between 30–percent and 10–percent disabilities as follows:

30 percent:

Severe, especially if producing a marked and unsightly deformity of eyelids, lips or auricles.

10 percent:

Moderate; disfiguring.

In denying Ashmore's claim for an increase in the disability rating assigned to his facial disfigurement, the BVA listed with care the findings of the February 1989 VA examination, notably including that the examining doctor's clinical assessment was that Ashmore was suffering from a "mild facial deformity." R. at 70. Based on this listing of supportive clinical findings, the Court cannot say that the BVA's implicit determination that Ashmore was not "severely" disfigured is clearly erroneous. *See Lovelace v. Derwinski,* 1 Vet.App. 73 (1990) (BVA determinations as to a veteran's degree of impairment are questions of fact to be reviewed under the clearly erroneous standard). Therefore, that part of the BVA decision dealing with Ashmore's claim for an increase in the disability rating assigned to his facial disfigurement is affirmed.

## III.

■ Chronic maxillary sinusitis is rated under 38 C.F.R. § 4.97, diagnostic code 6513 (1991), which grants a 10–percent disability rating when the severity of the sinusitis is "[m]oderate, with discharge or crusting or scabbing, [and] infrequent headaches." A 0–percent rating is assigned by diagnostic code 6513 when the sinusitis is manifested by x-rays or "mild or occasional" symptoms only.

In both his correspondence to the VA and in his oral hearing, Ashmore has repeatedly asserted that he suffers from numerous sinus headaches and "constant drainage" from his sinuses. R. at 110–123. In light of the absence of any cited clinical evidence either supporting or disputing Ashmore's claims, unless these statements are inaccurate, it would appear that Ashmore is entitled to a 10–percent disability rating for his maxillary sinusitis, and not the 0–percent he currently receives. The BVA failed to make any explicit credibility findings with respect to Ashmore's testimony. It simply stated that it had "considered" it, *Ashmore,* BVA 90–19236 at 4, and then ruled that Ashmore was not entitled to an increase in the disability rating assigned to his maxillary sinusitis.

This Court has on numerous occasions stated that the reasons or bases requirement of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)) requires the BVA to explicitly "determine the credibility of a veteran's sworn testimony" when that testimony can be the basis for the benefits the veteran seeks. *Smith v. Derwinski,* 1 Vet.App. 235, 237 (1991). *See also Hatlestad v. Derwinski,* 1 Vet.App. 164, 170 (1991) (case remanded in part for the BVA to provide reasons or bases for its assessment of the veteran's personal sworn testimony); *Webster v. Derwinski,* 1 Vet.App. 155, 159 (1991) (case remanded in part for the BVA to provide reasons or bases in assessing the sworn testimony of the veteran and his physician); *Ohland v. Derwinski,* 1 Vet. App. 147, 149–50 (1991) (case remanded in part for BVA to provide reasons or bases for its assessment of the lay evidence provided by the veteran and his wife). Therefore, by failing to make explicit credibility findings with respect to Ashmore's testimony, the BVA has failed to provide adequate reasons or bases as required by § 7104(d)(1) for its decision not to increase the disability rating assigned to Ashmore's maxillary sinusitis.

## IV.

■ For disabilities arising from a brain trauma, 38 C.F.R. § 4.124a, diagnostic code 8045 (1991) provides:

Purely subjective complaints such as headache, dizziness, insomnia, etc., recognized as symptomatic of brain trauma, will be rated as 10 percent disabling and no more.... [without a diagnosis of multi-infarct dementia associated with the brain trauma].

In addition to his discussion of his sinusitis difficulties, Ashmore also stated at his oral hearing that he was suffering from

tension headaches, dizziness, and insomnia, all of which he attributed to the concussion he received in the 1954 accident. R. at 110–123. Unless these statements are inaccurate, or the BVA finds that these complaints are not symptomatic of Ashmore's 1954 brain trauma (providing reasons or bases, therefor), it would appear that Ashmore is entitled to a 10–percent disability rating under diagnostic code 8045. The BVA, however, once again failed to make any explicit credibility findings with respect to Ashmore's testimony, and instead simply stated that it had "considered" it before denying his claim. *Ashmore*, BVA 90–19236 at 4. In doing so, the BVA failed to provide adequate reasons or bases as required by § 7104(d)(1) for its decision not to increase the disability rating assigned to the residuals of Ashmore's cerebral concussion. *See Smith, Hatlestad, Webster, Ohland.*

### V.

 Since reopening his claim in 1988, Ashmore has consistently asserted that he is suffering from a psychological disorder arising from the 1954 accident. He specifically noted that he was suffering from a psychological disorder in his December 1988 letter to the VA, R. at 64, his appeal to the BVA, R. at 108, and at his oral hearing, R. at 110–123. Ashmore also submitted numerous VA medical records showing that he has been diagnosed and treated for an anxiety disorder. R. at 52–62. The Regional Office, however, never specifically addressed the possibility that Ashmore suffers from a service-connected psychological disorder, and the BVA failed to note that Ashmore had even made such a claim.

In *Myers v. Derwinski*, 1 Vet.App. 127, 130 (1991), this Court stated that "the BVA must review all issues reasonably raised from a liberal reading of the appellant's substantive appeal." *See also Payne v. Derwinski*, 1 Vet.App. 85 (1990) (case remanded because of failure by the VA to adjudicate claim reasonably raised by appellant), *EF v. Derwinski*, 1 Vet.App. 324 (1991) (case remanded because of failure by the VA to assist veteran in developing an issue reasonably raised by a doctor's state-ment submitted by the veteran prior to BVA decision). In this case, it is not even necessary for the BVA to make a "liberal" reading of Ashmore's claim in order to understand that he wishes the BVA to review whether he is entitled to service connection for a psychological disorder. He has specifically stated as much on numerous occasions. Therefore, on remand the BVA is to decide this issue as well as those previously discussed in this opinion. If necessary for the proper adjudication of this part of Ashmore's claim, the BVA is free to remand this issue to the agency of original jurisdiction for further development.

### VI.

For the foregoing reasons, the decision of the BVA is AFFIRMED in part, and VACATED and REMANDED in part for further proceedings consistent with this opinion.