Russell W. MILLER, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–858.

United States Court of Veterans Appeals.

Sept. 22, 1992.

Before FARLEY, Associate Judge.

MEMORANDUM DECISION

FARLEY, Associate Judge:

This is an appeal from a March 25, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied appellant's claim for service connection for degenerative changes of the lumbosacral spine with referred hip pain. A timely appeal to this Court followed. The Court has jurisdiction pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)). On December 11, 1991, appellant through counsel filed a brief. On March 11, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief, and for a stay of proceedings pending a ruling on this motion. Appellant filed a response to the motion on March 30, 1992.

## I. THE FACTS

The record reflects that appellant, who served from April 1942 to October 1945, was treated several times during service for a chronic pilonidal cyst. R. at 11, 32, 41–44, and 49. Appellant has stated that at one point the area became gangrenous due to the bandage not being changed, requiring debridement down close to the bone. R. at 135–36. His discharge examination noted "spien (sic) trouble caused from hauling coal, England—painful when lifting and some drainage and marked weakness in back—symptomatic." R. at 58. It also noted "Back function is normal" and a "Pilonidal scar W.H." *Id.*

On discharge, appellant was granted service connection for a postoperative scar, pilonidal cyst with a rating of 0%. R. at 59. An April 23, 1948, rating decision, which continued the 0% rating for the pilonidal cystectomy scar, found that a "back and spine condition, if existent," was "not service incurred or aggravated." R. at 60. In December 1988, appellant sought to reopen his claim, stating that his condition had worsened, and to add a claim for secondary service connection for arthritis in the lower hip area. R. at 67. He submitted copies of some service medical records (not duplicated in the record on appeal), reports of medical examinations while in the reserves (including one which temporarily disqualified him because of a draining pilonidal sinus), medical reports of treatment in the 1970's, his application for disability retirement from the civil service, letters from fellow servicemen and friends attesting to his injury at judo and his injury hauling coal, and a letter from a previous employer. *See, generally,* R. at 69–81. A report of X-rays taken in 1977 which revealed arthritic changes was also submitted. R. at 83.

A Department of Veterans Affairs (VA) examination was performed on April 24, 1989. R. at 91. The examining physician reported that, based on the history provided by Miller—and despite the veteran's firm belief that the pilonidal cyst and the lower back pain were related—"Pilonidal cyst and residuals are not related to hip or spine discomfort or changes. Lumbosacral spine changes as documented may reasonably be related to injuries veteran claims to have sustained as documented. These changes could be causing pain (referred) to

hips." R. at 97. The VA Regional Office (RO) raised the rating for the service-connected pilonidal cystectomy scar to 10% but denied service connection for degenerative changes, lumbosacral spine, with referred hip pain. R. at 102.

Appellant filed a Notice of Disagreement, asked for a panel of three to consider the issue, and submitted a medical opinion dated August 8, 1989, from a private doctor, Raymond H. Smith, M.D., that he had "some disability secondary to surgery on the coccyx and his war injury aggravating a pilonidal cyst and its attempted resection in World War II." R. at 109-10. Appellant clarified he was claiming "secondary" arthritis and submitted a supporting article by the Arthritis Foundation on the causes and treatments of osteoarthritis. R. at 112. The RO denied the claim (R. at 113) and advised appellant in the Statement of the Case sent on October 11, 1989 (R. at 115-18), that "it would be speculative to conclude that the degenerative changes in the veterans [sic] low back were caused by his pilonidal cyst." R. at 117.

Appellant continued to note his disagreement and requested a personal hearing. R. at 119. By letter dated November 8, 1989, appellant submitted a copy of an examination report and an opinion by Dr. John T. Lynn dated November 6, 1989, that his "advanced osteoarthritis may have been initiated by the significant fall he took during a judo match during his Army training." R. at 122. A personal hearing was held on December 19, 1989. R. at 130-40. Appellant testified to his theory that the judo fall caused the cyst and surgery for the cyst caused the arthritis. R. at 133. The hearing officer denied the claim because, despite the recently added opinions of Drs. Smith and Lynn, there was no demonstration of chronic lumbosacral spine disorder in service or shortly thereafter. R. at 142.

In a decision dated September 13, 1990, the BVA remanded the claim with a direction that the RO issue a supplemental Statement of the Case with information about the prior denial. R. at 146. The Supplemental Statement of the Case was transmitted on September 28, 1990. R. at 148. On October 19, 1990, appellant's representative submitted a letter from appellant which included updated reports from Drs. Smith and Lynn. R. at 154-63. Dr. Smith stated that appellant's "chronic arthritis started with the fall and subsequent surgeries to his coccyx and sacrum, which he incurred in 1942-1945." R. at 161. Dr. Lynn expressed his belief "that the pain is the result of osteoarthritis from prior debridement of a pilonidal cyst that had caused gangrene during World War II. The sacral area was debrided surgically for treatment." R. at 163. The RO found this evidence, while new, was not material and denied the claim. R. at 164.

On March 25, 1991, the BVA apparently determined that appellant had submitted sufficient new and material evidence to warrant reopening his claim, which had been finally denied in 1948, because it proceeded to determine that the evidence presented a "new factual basis ... to warrant a grant of service connection for a back disorder classified as degenerative changes of the lumbosacral spine with referred hip pain." *Russell W. Miller*, BVA 91-09427, at 4 (Mar. 25, 1991). The Board decision continued:

> This evidence shows that degenerative changes of the lumbosacral spine were first reported by the VA in 1977, more than 30 years subsequent to the veteran's separation from active service. The veteran's testimony that he sustained traumatic injury to the back as a result of his participation in a judo match has not been corroborated or substantiated by the service medical records.... No new factual basis has been presented upon which to warrant a grant of service connection for degenerative changes of the lumbosacral spine with referred hip pain nor that a disorder of the back is causally related to the service-connected postoperative scar, pilonidal cyst, rated as 10 percent disabling.

*Id.* For these reasons, the BVA denied appellant's claim.

## II. THE LAW

▪ A final, unappealed claim may be reopened only upon the submission of "new and material evidence." 38 U.S.C. § 5108 (formerly § 3008) (1991). *See Thompson v. Derwinski*, 1 Vet.App. 251, 253 (1991). In

*Manio v. Derwinski*, 1 Vet.App. 140 (1991), this Court established that the BVA must perform a two-step analysis when the veteran seeks to reopen a claim based upon new evidence.

> First, the BVA must determine whether the evidence is "new and material". 38 U.S.C. § [5108]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Id.* at 145 (citation omitted). The determination whether evidence submitted to reopen a previously disallowed claim is new and material under 38 U.S.C. § 5108 is a question of law which this Court reviews de novo. *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). "New and material" evidence is evidence which is "not ... merely cumulative of other evidence on the record" and "is relevant and probative of the issue at hand." *Id.*

The BVA, in its decisions, is statutorily required to provide a "written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions." 38 U.S.C. § 7104(d) (formerly § 4004(d)) (1991). *See e.g., Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). As we said in *Gilbert*, 1 Vet.App. at 57, "A bare conclusory statement, without both supporting analysis and explanation, is neither helpful to the veteran, nor 'clear enough to permit effective judicial review,' nor in compliance with statutory requirements." In *Gilbert*, the Court ordered a remand because the decision contained "neither an analysis of the credibility or probative value of the evidence submitted by and on behalf of the veteran in support of his claim nor a statement of the reasons or bases for the implicit rejection of this evidence by the Board." *Gilbert*, 1 Vet.App. at 59. *See also Peyton v. Derwinski*, 1 Vet.App. 282, 285 (1991); *Smith v. Derwinski*, 1 Vet.App. 235, 237 (1991).

■ Moreover, even without corroborating medical evidence, lay evidence, including an appellant's observations, may be sufficient in and of itself to warrant service connection. *See Cartright v. Derwinski*, 2 Vet.App. 24, 25 (1991) (lay evidence alone can establish service connection); *Hatlestad v. Derwinski*, 1 Vet.App. 164, 170–71 (1991) (the BVA cannot treat a claimant's testimony only as part of his "contentions"; it must account for and explain its reason for rejecting the testimony). The BVA must also assess the credibility and weight of lay testimony; it is not enough for the Board merely to state that it has considered it. *Ashmore v. Derwinski*, 1 Vet.App. 580, 582 (1991). The "statement of reasons or bases" requirement of 38 U.S.C. § 7104(a) requires the BVA to make credibility findings and explain its conclusions as to the probative value of an appellant's sworn personal testimony "when that testimony can be the basis for the benefits the veteran seeks." *Ashmore*, 1 Vet.App. at 583; *see also Colvin*, 1 Vet.App. at 171 (the Board must assess the credibility of testimony and articulate its findings); *Ohland v. Derwinski*, 1 Vet.App. 147, 149 (1991) ("The BVA decision here includes neither an analysis of the credibility or probative value of the evidence submitted by or on behalf of the veteran in support of his claim nor any explanation of the Board's conclusion...."); *Tobin v. Derwinski*, 2 Vet.App. 34, 39–40 (1991) and cases cited therein.

■ The Board also is required to render its decisions on the record; it is not permitted to use its own "unsubstantiated medical conclusions." *Colvin*, 1 Vet.App. at 175; *see also Caldwell v. Derwinski*, 1 Vet.App. 466, 470 (1991) ("the BVA cannot substitute its own unsubstantiated medical conclusions for that of the medical evidence of record"); *Murphy v. Derwinski*, 1 Vet. App. 78, 81 (1990) (BVA must provide reasons or bases for its medical conclusions)."

## III. APPLICATION OF LAW TO THE FACTS

■ The evidence submitted by appellant since 1988 is clearly "new and material." While in this present appeal, the BVA may have erred in failing to comply with the first part of the *Manio* test, any such error would be harmless since the BVA went on

to consider appellant's claim "in light of *all* the evidence, both new and old." *Manio*, 1 Vet.App. at 147. 38 U.S.C. § 7261(b) (1991); *Cf. Kehoskie v. Derwinski*, 2 Vet. App. 31, 34 (1991) (where a claim should not have been reopened, if the Board nevertheless denied the claim, such error would be considered harmless); *Godwin v. Derwinski*, 1 Vet.App. 419, 424–25 (1991); *Thompson v. Derwinski*, 1 Vet.App. 251, 254 (1991).

The record on appeal contains three medical opinions, one by a VA physician and two by private doctors. All three medical opinions, in varying degrees and with different adjectives and adverbs, relate appellant's current lumbosacral difficulty to injuries appellant claims to have sustained during service, particularly the surgical debridement of a pilonidal cyst, the fall on his tailbone during a judo match, and the shoveling of coal while stationed in England. The Board apparently rejected or discounted these opinions, but in failing to provide the necessary statement of reasons or bases for doing so and in substituting its own medical opinion in lieu of the opinions of the three doctors, the Board erred. *See Caldwell, supra; Murphy, supra.*

The Board also failed to provide reasons or bases for its implicit rejection of appellant's sworn testimony and the supporting material, including letters reporting on contemporaneous events. A mere statement that the veteran's testimony is not supported by service medical records is not sufficient. *See Cartright*, 2 Vet.App. at 25. Moreover, an "[a]ppellant's sworn statement, ... unless sufficiently rebutted, may serve to place the evidence in equipoise" and thereby entitle appellant to the claimed benefit. *Id.* at 25–26; *see Gilbert*, 1 Vet.App. at 52.

Finally, the Board failed to provide a statement of reasons or bases for its finding that the "evidence of record is not evenly balanced or otherwise of such a nature as to raise a reasonable doubt warranting a grant of the benefit requested on appeal." *Miller*, BVA 91–09427, at 5. Such a cursory and conclusory statement

concerning the benefit of the doubt doctrine of 38 U.S.C. § 5107(b), standing alone, is inadequate and fails to satisfy the "reasons or bases" requirements of 38 U.S.C. § 7104(d). *See O'Hare v. Derwinski*, 1 Vet.App. 365, 367 (1991).

A remand is necessary to permit the Board the opportunity to correct the errors noted above, to consider the jurisprudence of this Court, and to perform "a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991).

## IV. CONCLUSION

Upon consideration of the record, appellant's briefs and the Secretary's motion, the Court holds that the BVA has failed to articulate, pursuant to 38 U.S.C. § 7104(d), the reasons or bases for its decision on appeal. Summary disposition is appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Accordingly, the Secretary's motion for summary affirmance is denied. The March 25, 1991, BVA decision is VACATED and the matter is REMANDED for further proceedings consistent with this decision.