Nathaniel WADE, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 91–1861.

United States Court of Veterans Appeals.

Sept. 25, 1992.

Before FARLEY, Associate Judge.

## MEMORANDUM DECISION

FARLEY, Associate Judge:

This is an appeal from a June 28, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying appellant's claim to a total rating based on individual unemployability due to service-connected disability. A timely appeal to this Court followed. The Court has jurisdiction pursuant to 38 U.S.C. § 7252(a) (1991) (formerly § 4052(a)).

### I.

Appellant filed a brief on April 6, 1992. On May 11, 1992, the Secretary filed a motion for a 30–day extension of time to respond to appellant's brief; the motion was granted by the Clerk on May 12, 1992. On June 10, 1992, the date the response brief was due to be filed, the Secretary filed a second motion for an additional 30–day extension of time. On June 16, 1992, appellant filed an opposition urging that the Secretary failed to demonstrate good cause for an additional extension, that the motion be denied, and that the BVA decision be reversed. By order dated June 22, 1992, the Court granted the Secretary's

motion but stated that no further extensions would be granted absent "extraordinary circumstances."

On July 10, 1992, the date the Secretary's response was due, the Secretary moved for a one-day extension, until Saturday, July 11, 1992, to file the response; the sole ground for the motion was that "counsel was unable to meet to [sic] the July 10, 1992, filing deadline." Appellee's Third Motion, at 1. On July 13, 1992, the Court received the Secretary's motion for summary affirmance, for acceptance of the motion in lieu of a brief, and for a stay. On July 15, appellant filed an opposition, noting that the Secretary failed to meet his own self-imposed deadline of July 11, 1992, and failed to provide any grounds for the extension, much less the "extraordinary circumstances" required by the Court's June 22, 1992, order. In an order dated July 15, 1992, the Court denied the Secretary's motion for an extension and directed that the Clerk return the Secretary's motion for summary affirmance, etc., which had been received by, but not filed with, the Court on July 13, 1992. On July 29, 1992, the Secretary filed a motion for reconsideration which will be denied. We turn now to the merits of this appeal.

## II.

Appellant, Nathaniel C. Wade, served on active duty from July 12, 1954, to August 27, 1954, and again from January 4, 1955, to December 11, 1957. R. at 69. In a rating decision dated November 16, 1967, the Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) awarded appellant service connection for disability due to bronchial asthma, then evaluated at 30%. R. at 191. Based upon a December 1989 VA examination which found a "severe obstructive ventilatory defect" (R. at 186), the RO awarded appellant a 60% rating in a February 13, 1990, decision. R. at 190.

On March 29, 1990, appellant submitted claims for increased compensation and for a total rating based on individual unemployability, which the RO denied on May 30, 1990. R. at 210–11. A hearing was held on September 11, 1990, at which appellant testified as to his inability to maintain gainful employment because of his deteriorating service-connected respiratory condition. R. at 229–38. The appellant testified that his deteriorating respiratory disability requires him to be on oxygen "ten or twelve hours per day" (R. at 234), and seriously interferes with his sleep. R. at 234, 236. The appellant continued that because of his respiratory disability, "[T]here is not job that I could hold...." R. at 236. He also testified that he must work in a dust free, non-stressful, non-carpeted environment (R. at 231–232, 235–236), that his last employment was in 1989 (R. at 231) and that his previous employer made "special allowances" for him because of his respiratory condition. R. at 237. The VA Hearing Officer denied appellant a 100% evaluation either on a schedular basis or by reason of individual unemployability in an October 31, 1990, decision (R. at 252–53) despite the appellant's personal testimony.

In a decision dated June 28, 1991, the BVA affirmed the denial of appellant's claims for an increased rating and for a total rating based upon individual unemployability. With respect to appellant's claim for an increased rating, the BVA concluded:

Although the numerous VA clinical records clearly indicate that the veteran's bronchial asthma results in severe disability, it is evident that manifestations of more than severe bronchial disability are not demonstrated by a preponderance of the evidence. The veteran has not provided 'objective evidence' that he has severe dyspnea on slight exertion between attacks or that he has a marked loss of weight due to his service-connected asthmatic condition. Moreover, there is no other evidence of severe impairment of health.

We find that the veteran's frequent attacks of asthma ... are clearly contemplated by the 60 percent evaluation.... We conclude that the preponderance of the evidence is against the veteran's claim for an increased evaluation.

*Nathaniel C. Wade,* BVA 91–12086, at 5 (June 28, 1991). The denial of a total rating due to unemployability was explained as follows:

> Evidence has also been presented which indicated that the veteran was unable to continue in his most recent occupation as a maintenance worker due to dust. However, the veteran has presented no 'objective evidence' that he would be unable to be gainfully employed in a different type of environment. We do not doubt that he is restricted from certain occupations due to his service-connected disabilities.... While the veteran may not be able to continue in maintenance work, we do not find that his service-connected disability, in and of itself, renders him unable to pursue some form of substantially gainful employment.

*Id.* A timely notice of appeal was filed.

### III.

■ At the outset, it must be noted that the BVA appears to have held appellant to a standard of proof higher than that required by 38 U.S.C. § 5107(b) (formerly § 3007(b)), which provides:

> When, after consideration of all evidence and material of record in a case before the [Department of Veterans Affairs] ... there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant.

In its discussion, the BVA stated, "It is evident that manifestations of more than severe bronchial disability are not demonstrated by a preponderance of the evidence." *Wade,* BVA 91–12 086, at 5. However, as we explained in *Gilbert v. Derwinski,* 1 Vet.App. 49, 54 (1990), the "benefit of the doubt" doctrine of § 5107(b) means that:

> a veteran need only demonstrate that there is an "approximate balance of positive and negative evidence" in order to prevail; entitlement need not be established "beyond a reasonable doubt," by "clear and convincing evidence," or by a "fair preponderance of evidence."

The appellant is not required to establish his claim by a preponderance of the evidence; rather, the preponderance must be against the appellant's claim for benefits to be denied. *Gilbert,* at 54. Therefore, the BVA erred as a matter of law in holding the appellant to a standard higher than that established by 38 U.S.C. § 5107(b).

### IV.

Section 4.16(b) of title 38 of the Code of Federal Regulations provides that a veteran who is "unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled." *See Hersey v. Derwinski,* 2 Vet.App. 91, 94 (1992). In *Ferraro v. Derwinski,* 1 Vet.App. 326, 332 (1991), this Court stated:

> Neither the U.S. Code nor the Code of Federal Regulations offers a definition for "substantially gainful employment" or "substantially gainful occupation." The VA Adjudication Manual M21–1 (M21–1) § 50.55(8) defines "substantially gainful employment" as "that which is ordinarily followed by the nondisabled to earn their livelihood with earnings common to the particular occupation in the community where the veteran resides." This suggests a living wage.

Moreover, pursuant to 38 C.F.R. § 4.18,

> A veteran may be considered as unemployable upon termination of employment which was provided on account of disability, or in which special consideration was given on account of the same, when it is satisfactorily shown that he or she is unable to secure further employment.

■ The BVA, in its decisions, is statutorily required to provide a "written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions." 38 U.S.C. § 7104(d) (formerly § 4004(d)). *See e.g., Gilbert,* 1 Vet.App. 49 (1990). As this Court has held repeatedly, the "reasons or bases" requirement is applicable to a conclusion that an appellant is able to retain substantially gainful employment. *See,*

*e.g., Gleicher v. Derwinski,* 2 Vet.App. 26, 27–28 (1991); *Ferraro,* 1 Vet.App. at 331–33; *Hyder v. Derwinski,* 1 Vet.App. 221, 224 (1991); *Hatlestad v. Derwinski,* 1 Vet. App. 164, 169–170 (1991).

Moreover, "[a]ppellant's sworn statement, ... unless sufficiently rebutted, may serve to place the evidence in equipoise" and thereby entitle appellant to the claimed benefit. *Gilbert,* 1 Vet.App. at 52; *see also Cartright v. Derwinski,* 2 Vet. App. 24, 25–26 (1991). Lay evidence, including an appellant's observations, even absent corroborating medical evidence, may be sufficient in and of itself to warrant service connection. *Id.* For this reason, the BVA must assess the credibility and weight of lay testimony; merely stating that the evidence was considered will not suffice. *Ashmore v. Derwinski,* 1 Vet. App. 580, 582 (1991). The BVA must make credibility findings and explain its conclusions as to the probative value of an appellant's sworn personal testimony "when that testimony can be the basis for the benefits the veteran seeks." *Ashmore,* 1 Vet.App. at 583; *see also Colvin v. Derwinski,* 1 Vet.App. 171 (1991); *Ohland v. Derwinski,* 1 Vet.App. 147, 149 (1991); *Tobin v. Derwinski,* 2 Vet.App. 34, 39–40 (1991) and cases cited therein.

From a review of the BVA decision, it appears that the failure of appellant to submit "objective evidence" may have been determinative. The BVA first noted that "[t]he veteran has not provided 'objective evidence' that he has severe dyspnea on slight exertion between attacks or that he has a marked loss of weight due to his service-connected asthmatic condition"; the BVA then reported that "the veteran has presented no objective evidence that he would be unable to be gainfully employed in a different type of environment." *Wade,* BVA 91–12 086, at 5. From this, the BVA concluded as follows:

> [W]e do not doubt that he is restricted from certain occupations due to his service-connected disabilities, particularly those involving strenuous exertional types of work.... While the veteran may not be able to continue in mainte-

nance work, we do not find that his service-connected disability, in and of itself, renders him unable to pursue some form of substantially gainful employment.

*Wade,* BVA 91–12086, at 5. The second sentence of the above quote is cursory, conclusory, inadequate in the face of the appellant's testimony, and fails to satisfy the "reasons or bases" requirements of 38 U.S.C. § 7104(d). *See O'Hare v. Derwinski,* 1 Vet.App. 365, 367 (1991). Besides failing to address the credibility of appellant's testimony, the BVA failed to state reasons or bases for the implicit rejection of his testimony despite the fact that the BVA took express note of its substance: "Evidence has also been presented which indicates that the veteran was unable to continue his most recent occupation ... due to dust." *Wade, BVA* 91–12086, at 5. *See Hatlestad,* 1 Vet.App. at 170–71 (the BVA cannot treat a claimant's testimony only as part of his "contentions," but must account for and explain its reason for rejecting the testimony). Finally, in light of the "special consideration" provision of 38 C.F.R. § 4.18, the BVA also erred in failing to consider appellant's testimony that "special allowances" had been made for him at his last place of employment. (R. at 237)

As we said in *Gilbert,* 1 Vet.App. at 57, "A bare conclusory statement, without both supporting analysis and explanation, is neither helpful to the veteran, nor 'clear enough to permit effective judicial review,' nor in compliance with statutory requirements." A remand will permit the BVA an opportunity to correct the errors noted above, to readjudicate the claim and, if the Board persists in its view, to include the requisite statement of the reasons or bases for its findings and conclusions. *Fluharty v. Derwinski,* 2 Vet.App. 409, 411–12 (1992) (remand for a statement of reasons or bases for the BVA's statement that it was "not persuaded" that appellant was unemployable); *see also Hyder,* 1 Vet.App. at 224; *Hatlestad,* 1 Vet.App at 169–70; *Mingo v. Derwinski,* 2 Vet.App. 51, 53–54 (1992).

## V. CONCLUSION

This appeal is one of relative simplicity and satisfies the criteria for summary disposition adopted in *Frankel v. Derwinski,* 1 Vet.App. 23, (1990). Accordingly, the BVA decision of June 28, 1991, is VACATED and the matter REMANDED for further proceedings consistent with this opinion. In addition, the Secretary's July 29, 1992, motion for reconsideration of the denial of the Secretary's third motion for extension is DENIED.