**Rocci W. CALABRESE, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–1655.**

United States Court of Veterans Appeals.

Feb. 19, 1993.

Before KRAMER, Associate Judge.

MEMORANDUM DECISION

KRAMER, Associate Judge:

Appellant, Rocci W. Calabrese, appeals a June 17, 1991, decision of the Board of Veterans' Appeals (BVA) denying appellant's claim for a total service-connected disability evaluation based on individual unemployability. The Court has jurisdiction under 38 U.S.C.A. § 7252(a) (West 1991).

## I

Appellant served on active duty from December 1942 to December 1945. During combat in December 1944, appellant sustained a perforating shell fragment wound which resulted in a laceration in his right cheek; penetrating wounds, middle back, left shoulder; and perforating wounds, right arm and leg. R. at 2. Appellant is currently rated as 60% combined service-connected disabled for residuals of a shell fragment wound of the right thigh, rated at 30%; sensory nerve damage to the right lower leg, rated at 10%; multiple scars of both shoulders and the back, rated at 10%; and disfiguring scars on the face and neck, rated at 30%.

Appellant sustained a heart attack in 1971. R. at 143. He also underwent two operations to remove a brain tumor in 1985 which resulted in a right hemiparesis (defined by DORLAND's ILLUSTRATED MEDICAL DICTIONARY, 745 (27th ed. 1988), as muscular weakness or partial paralysis affecting the right side of the body). R. at 18. A September 29, 1988, Veterans' Administration (now Department of Veterans Affairs) (VA) examination noted that appellant "claims being exposed to excessive noise levels while in the service," and was diagnosed as having a hearing loss. R. at 126. A notation in appellant's VA medical records, dated July 21, 1989, states that appellant was receiving disability benefits from the Social Security Administration (SSA). R. at 114. A May 8, 1990, VA neurological compensation/pension examination noted severe weakness and spasticity of the right upper extremity which prevented its use; restricted movement of the right hand; severe weakness of the right lower extremity; and restricted movement of the right ankle. R. at 144. Appellant, at a February 1, 1991, VA Regional Office (VARO) hearing, had stated that he stopped working in the 1970's and could not currently work because of his leg injuries, R. at 154, 158, and that shrapnel in his back currently bothered him. R. at 161.

The BVA, in the decision on appeal, found appellant's claim on the individual unemployability issue not well grounded.

The BVA concluded that it was not medically reasonable to assume that his inability to work was based solely on his service-connected disorders, without regard to age or non-service-connected conditions. The BVA also found that appellant's testimony was unsubstantiated by his medical records. *Rocci Calabrese*, BVA No. 91–___, at 4 (June 17, 1991). In support of its decision, the BVA cited to two documents, erroneously omitted from the record on appeal: a report from appellant's last employer, date unknown, stating "that no concessions were given to the veteran because of age or disability," and testimony given by appellant at a July 1977 VARO hearing in which he "explained he retired because 'a heart attack finished me.'" *Calabrese*, BVA No. 91–___, at 3. In analyzing the effect of appellant's non-service-connected hemiparesis on his claim for individual unemployability, the BVA stated that this condition was "superimposed on the service-connected disorders.... Spasticity from the cerebral lesion added to the neurological deficit from the original injury in the right lower extremity." *Calabrese*, BVA No. 91–___, at 3–4.

## II

■ Initially, in order to obtain individual unemployability rating that appellant seeks, "a person who submits a claim ... shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded." 38 U.S.C.A. § 5107 (West 1991).

In *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990), this Court defined a well grounded claim as "a plausible claim, one which is meritorious on its own or capable of substantiation. Such a claim need not be conclusive but only possible to satisfy the initial burden of § [5107(a)]." The test is an objective one which explores the likelihood of prevailing on a claim under the applicable standards. *See Gilbert v. Derwinski*, 1 Vet.App. 49 (1990), for an articulation of the standards.

Although the claim need not be conclusive, the statute provides that it must be

accompanied by *evidence....* Further-more, the evidence must "justify a belief by a fair and impartial individual" that the claim is plausible....

.... [If a claim is not plausible, then] VA was not required to carry the claim to full adjudication, since the claim failed, as a matter of law, to be well grounded under section 5107(a). Any error in the subsequent administrative procedure is therefore harmless. [Citations omitted.]

*Tirpak v. Derwinski,* 2 Vet.App. 609, 610–11 (1992) (emphasis in original).

Appellant's 1989 and 1990 medical records and his sworn 1991 personal testimony constitute sufficient evidence in the record on appeal to indicate that his claim for individual unemployability is plausible, and, therefore, well grounded. The BVA erred in not having carried the claim to full adjudication. *See Payne v. Derwinski,* 1 Vet. App. 85, 87 (1990) ("[o]nce a veteran raises a well grounded claim to which a regulation could reasonably apply, the BVA must apply that regulation or give the reasons or bases explaining why it is not applicable").

 On remand, the BVA must assess the credibility and weight of appellant's testimony regarding his leg and back; merely stating that the evidence was considered will not suffice. *See Ashmore v. Derwinski,* 1 Vet.App. 580, 583 (1991). In this regard, the effects of appellant's non-service-connected conditions on his social and industrial adaptability were not clearly distinguished from appellant's service-connected disorders in both the medical reports of record and the BVA decision. Title 38, Code of Federal Regulations, section 4.1 (1991) requires "accurate and fully descriptive medical examinations with emphasis upon the limitation of activity imposed by the disabling condition." *See also* 38 C.F.R. § 4.10 (1991). As a consequence, the BVA should attempt to obtain a medical examination or opinion for this purpose. In addition, the BVA decision did not address the issue of hearing loss. Finally, once the VA is put on notice of SSA disability records, the VA must obtain and consider them. *See Murincsak v. Derwinski,* 2 Vet.App. 363, 370–71 (1992); *Masors v. Derwinski,* 2 Vet.App. 181, 187 (1992).

On remand, appellant is free to introduce additional medical evidence regarding his claims for individual unemployability. *See Quarles v. Derwinski,* 3 Vet.App. 129, 140–41 (1992).

### III

Upon careful consideration of the record and the filings of the parties, the Court holds that summary disposition is appropriate when, as here, the issues are of relative simplicity and the outcome is not reasonably debatable. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990). The Court VA-CATES and REMANDS the BVA decision for proceedings consistent with this decision.