http://www.va.gov/vetapp16/Files3/1621727.txt

Citation Nr: 1621727 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 10-29 419 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi

THE ISSUE

Entitlement to service connection for breast cancer, claimed as secondary to service-connected fibrocystic breast disease.

WITNESSES AT HEARING ON APPEAL

Veteran and her daughter

ATTORNEY FOR THE BOARD

K. K. Buckley, Counsel

INTRODUCTION

The Veteran served on active duty from July 1969 to June 1971 and from February 1991 to June 1991 with additional service in the Army National Guard.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi.

In March 2012, the Veteran presented sworn testimony during a personal hearing in Jackson. A transcript of the hearing has been associated with the Veteran's VA claims file. 

In Board decisions dated June 2014 and July 2015, the claim was remanded for further evidentiary development. As will be explained below, a review of the record reflects substantial compliance with the Board's Remand directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998). The VA Appeals Management Center (AMC) most recently continued the previous denial in a January 2016 supplemental statement of the case (SSOC). The Veteran's VA claims file has been returned to the Board for further appellate proceedings.

FINDING OF FACT

Breast cancer is not caused or aggravated by the Veteran's service-connected fibrocystic breast disease.

CONCLUSION OF LAW

Breast cancer is not proximately due to, or aggravated by, the Veteran's service-connected disabilities. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5017 (West 2014); 38 C.F.R. §§ 3.303, 3.310(a) (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), 38 U.S.C.A. §§ 5100, 5102-5103A, 5106, 5107, 5126 (West 2014), 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015), requires VA to assist a claimant at the time that he or she files a claim for benefits. As part of this assistance, VA is required to notify claimants of what they must do to substantiate their claims. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b)(1).

Here, a letter dated in March 2008 complied with VA's duty to notify the Veteran. In particular, the letter apprised the Veteran of what the evidence must show to establish entitlement to service connection, what evidence and/or information was already in the RO's possession, what additional evidence and/or information was needed from the Veteran, what evidence VA was responsible for getting, and what information VA would assist in obtaining on the Veteran's behalf. The letter also notified the Veteran of the criteria for assigning a disability rating and an effective date. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006).

Regarding VA's duty to assist as to the claim on appeal, the RO obtained the Veteran's complete service treatment records (STRs), service personnel records, and Social Security Administration (SSA) records, as well as VA and private treatment records in furtherance of her claim. Thus, the Board finds that VA has properly assisted the Veteran in obtaining any relevant evidence.

Pursuant to the July 2015 Board Remand, the Veteran was afforded a VA medical opinion in December 2015. As indicated in the discussion below, the examination report and medical opinion indicate that the VA examiner thoroughly reviewed the Veteran's past medical history, documented her complaints, and rendered findings consistent with the remainder of the evidence of record. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) (the probative value of a medical opinion comes from when it is the factually accurate, fully articulated, and sound reasoning for the conclusion). The Board therefore concludes that the December 2015 VA medical opinion is sufficient for evaluation purposes. See 38 C.F.R. § 4.2 (2015); see also Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate); Dyment v. West, 13 Vet.App. 141, 146-47 (1999) (holding there was no Stegall violation when the examiner made the ultimate determination required by the Board's remand, because such determination "more than substantially complied with the Board's remand order"). Thus, given the standard of the regulation, the Board finds that VA does not have a duty to assist that was unmet.

II. Analysis

In order to prevail on the issue of service connection for any particular disability, there must be competent evidence of a current disability; evidence of in-service occurrence or aggravation of a disease or injury; and medical evidence, or in certain circumstances, lay evidence, of a nexus between an in-service injury or disease and the current disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); 

The Board must assess the credibility and weight of all the evidence, including the medical evidence, to determine its probative value, accounting for evidence which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. See Masors v. Derwinski, 2 Vet. App. 181 (1992); Wilson v. Derwinski, 2 Vet. App. 614, 618 (1992); Hatlestad v. Derwinski, 1 Vet. App. 164 (1991); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Equal weight is not accorded to each piece of evidence contained in the record; every item of evidence does not have the same probative value.

Service connection may be granted for a disability that is proximately due to, the result of, or aggravated by a service-connected disability. See 38 C.F.R. § 3.310(a) (2015); see also Harder v. Brown, 5 Vet. App. 183, 187 (1993). Additional disability resulting from the aggravation of a nonservice-connected condition by a service-connected condition is also compensable under 38 C.F.R. § 3.310(a). See Allen v. Brown, 7 Vet. App. 439, 448 (1995). The Board notes that there has been an amendment to the provisions of 38 C.F.R. § 3.310. See 71 Fed. Reg. 52,744 -47 (Sept. 7, 2006). The amendment sets a standard by which a claim based on aggravation of a non-service-connected disability by a service-connected one is judged.

Here, the Veteran has asserted entitlement to service connection for breast cancer, which she contends is due to or aggravated by her service-connected fibrocystic breast disease. Notably, the Veteran has maintained this theory of entitlement from the date of claim. See the Veteran's claim dated December 2008; the notice of disagreement (NOD) dated May 2008; the VA Form 9 dated July 2010; and the Board hearing transcript dated March 2012. The Board will thus address her claim for service connection for breast cancer claim on a secondary basis.

Initially, the Board recognizes that the Veteran's fibrocystic breast disease is service-connected. See the rating decision dated December 1992.

The Veteran's STRs dated in April 1991 indicate that she was treated for a lump in her left breast while on active duty. The lump was aspirated, and she underwent a mammogram that same month, which revealed two areas within the left breast that had no malignant characteristics. An April 1991 ultrasound revealed benign simple cysts in the deep portion of the breasts, with a single larger cyst in each breast. A STR dated in late April 1991 reflects a resolved left breast cyst. In May 1991, the Veteran was seen for follow-up, which indicated that there was no evidence of malignancy; she was to have a routine follow-up in one year.

Private treatment records dated in September 1992 show that the Veteran was diagnosed with fibrocystic breast disease. The Veteran underwent mammograms in September 1992, July 1995, October 1997, September 2000, December 2000, and May 2005, which did not reveal any evidence of malignancy. A March 2008 VA treatment record indicated that the Veteran had a history of fibrocystic disease in the right breast with a lumpectomy performed in 1996.

Following an irregular mammogram in December 2007, the Veteran was diagnosed with ductal carcinoma in February 2008 following biopsy. She underwent a radical bilateral mastectomy in March 2008.

In April 2010, a VA examiner addressed the matter of whether the Veteran's bilateral mastectomy in 2008 for cancer of the breast was related to her 1991 in-service diagnosis of fibrocystic breast disease. The examiner found that an opinion was not possible without resort to speculation given the fact that there was no documentation of the pathological tissue diagnosis at the time of the biopsy in 1991. The examiner noted that certain types of benign breast diseases can confer a moderate to mild risk of breast cancer. The examiner explained that other benign breast conditions such as single proliferative lesions, including fibrocystic changes, solitary papillomas, or simple fibroadenomas, are not associated with any increase in breast cancer.

Pursuant to the June 2014 Board Remand, a VA addendum opinion was obtained in order to address the question of whether the Veteran's breast cancer was caused or aggravated by her service-connected fibrocystic breast disease. The September 2014 VA examiner reviewed the claims file and concluded,

I am unable to render an opinion without resorting to mere speculation, without any new additional pathological evidence or medical information provided to determine the etiology of [the Veteran's] breast cancer, and if any association is related to her fibrocystic breast disease. I agree with the previous opinion rendered on April 20, 2010 by the examiner.

See the VA addendum opinion dated September 2014.

Critically, the September 2014 VA examiner provided little rationale as to why she could not provide a conclusion as to medical nexus without resorting to speculation. Accordingly, the Board finds that the September 2014 VA addendum opinion is inadequate. See Jones v. Shinseki, 23 Vet. App. 382, 389 (2010).

Pursuant to a July 2015 Remand, the Veteran was afforded another VA medical opinion to address her contentions of secondary service connection. The examiner reviewed the claims file and concluded that "[t]he condition claimed is less likely than not (less than 50% probability) proximately due to or the result of the Veteran's service-connected condition." The examiner explained,

C-file in VBMS and notes in CPRS were reviewed. The patient was noted to have breast masses, cysts, and fibrocystic breast disease in service. The opinion of 04/20/2010 was referring to the pathology report of the aspiration of the breast cysts while in service in 1991 and not the pathology report of the actual cancer in 2008. The reports from D.S., M.D., were reviewed noting ductal carcinoma in situ. The STRs note the patient underwent an aspiration of the cysts in 1991. A note of 04/09/91 reveals an aspiration of brown fluid from the cyst. A note of 04/23/91 notes resolved. The surgery clinic note of 08/28/91 reports no evidence of malignancy. This is the pathology report that is needed. From review of the available records, I cannot tell if the cyst aspiration was sent to pathology.

Benign breast lesions include non-proliferative, proliferative and atypical aplasia. Non proliferative lesions generally are not associated with an increased risk for breast cancer. Breast cysts are the most common type of non-proliferative lesions. Fibrocystic disease also is classified as non-proliferative lesions. Therefore based on the evidence of record in the C-file, the breast lesions were referred to as cysts and fibrocystic disease. One lesion resolved after aspiration. And the surgery clinic note reported no evidence of malignancy. Thus, strictly based on this information, it is less likely than not that her ductal carcinoma in situ is due to the cysts/fibrocystic disease noted while in service.

The December 2015 VA examiner therefore concluded, "[t]here is no evidence in the C-file that [the Veteran's] ductal carcinoma in situ underwent any permanent worsening by her service-connected fibrocystic breast disease."

With respect to the current claim, the Board finds that the competent medical evidence demonstrating the absence of nexus between the currently diagnosed breast cancer and the Veteran's service-connected fibrocystic breast disease outweighs the medical evidence suggestive of a nexus. In particular, the December 2015 VA medical opinion complied with the instructions of the prior Board remands and were based on a review of the record, including the lay statements and evidence submitted by the Veteran, and thoughtful analysis of the Veteran's entire history. The Board therefore places significant weight on the findings of the December 2015 VA examiner. See Nieves-Rodriguez, 22 Vet. App. at 295 (the probative value of a medical opinion comes from when it is the factually accurate, fully articulated, and sound reasoning for the conclusion); see also Bloom v. West, 12 Vet. App. 185, 187 (1999) (the probative value of a physician's statement is dependent, in part, upon the extent to which it reflects "clinical data or other rationale to support his opinion").

The Veteran has not produced a medical opinion to contradict the conclusions set forth in the December 2015 VA medical opinion. As was explained in the VCAA section above, the Veteran has been afforded ample opportunity to present competent medical evidence in support of her breast cancer claim. She has not done so. See 38 U.S.C.A. § 5107(a) (West 2014) (it is the claimant's responsibility to support a claim for VA benefits). Thus, the December 2015 VA medical opinion stands unchallenged as competent medical evidence on these crucial questions of medical nexus and aggravation.

Based on a review of the evidence, the Board finds that service connection for breast cancer is not warranted. In reaching this determination, the Board has also considered the lay assertions of record, including the contentions of the Veteran in support of medical nexus. The Board recognizes that the Veteran formerly worked as a nurse and she is also competent to report observable symptoms. See Washington v. Nicholson, 21 Vet. App. 191, 195 (2007) (holding that, "[a]s a layperson, an appellant is competent to provide information regarding visible, or otherwise observable symptoms of disability). Lay evidence may be competent on a variety of matters concerning the nature and cause of disability. Crucially, there is no evidence to suggest that the Veteran is competent to provide medical conclusions as to whether a disability is due to her service-connected disability where, as here, the issue concerns a complex medical question. See Miller v. Derwinski, 3 Vet. App. 201, 204 (1992). The Board further observes that the Veteran's contentions in support of service connection including as to dependent and/or aggravated symptomatology are contradicted by the findings of the December 2015 VA examiner who specifically considered the Veteran's assertions and any such inferences contained in the record in rendering the negative nexus opinion.

The Board has considered the doctrine of reasonable doubt, but finds that the record does not provide an approximate balance of negative and positive evidence on the merits. Thus, the Board is unable to identify a reasonable basis for granting service connection. Gilbert v. Derwinski, 1 Vet. App. 49, 57-58 (1990); 38 U.S.C.A. § 5107(b) (West 2014); 38 C.F.R. § 3.102 (2015).

Based on this evidentiary posture, the Board concludes that the preponderance of the evidence is against the Veteran's claim of service connection for breast cancer, asserted as secondary to the service-connected fibrocystic breast disease. 38 U.S.C.A §5107 (West 2014).

ORDER

Entitlement to service connection for breast cancer is denied.

____________________________________________
JAMES L. MARCH
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs