**Clifford A. LOVELACE, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–55.

United States Court of Veterans Appeals.

Argued Oct. 11, 1990.

Decided Oct. 31, 1990.

Ronald L. Smith, Washington, D.C., for appellant.

Andrew J. Mullen, Deputy Asst. Gen. Counsel, with whom Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, and Jacqueline E. Monroe, Washington, D.C., were on the brief, for appellee.

Before KRAMER, FARLEY and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

The appellant was awarded service-connected disability of fifty percent for Post–Traumatic Stress Disorder (PTSD) arising from his capture and subsequent imprisonment by German forces during World War Two. The fifty percent award was an upward revision from a thirty percent award that had been extant since 1982. Appellant now argues that the evidence that his condition had worsened justified an award of seventy percent rather than fifty percent. The diagnostic code provides for a fifty percent disability where there is a *considerable* impairment of the "ability to establish or maintain effective or favorable rela-

**74**

tionships with people ... [and the] psycho-neurotic symptoms ... result in considerable industrial impairment." 38 C.F.R. § 4.132 (1989), Diagnostic Code 9411. Seventy percent is appropriate where there is a *severe* impairment of the "ability to establish ... effecttve [sic] or favorable relationships with people ... [and] [t]he psychoneurotic symptoms ... [result] in severe impairment in the ability to obtain or retain employment." *Id.*

 In arguing for reversal of the Board of Veterans' Appeals (BVA) decision the appellant contends, *inter alia*, that ·the finding of considerable impairment as contrasted to severe impairment was an erroneous conclusion of law and that this Court should review the facts of the case and find, as a matter of law, that the appellant's impairment was "severe." On the other hand, appellee argues that this finding was one of fact. The distinction is of considerable importance. Conclusions of law by the BVA, while of course to be considered, are entitled to no judicial deference by this Court. 38 U.S.C. § 4061 (1988), *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). Findings of fact made by the BVA are, however, entitled to judicial deference by this Court and are to be set aside only if "clearly erroneous." Under this standard, as was well stated in *Gilbert,* "this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA even if this Court might not have reached the same factual determinations, we cannot overturn them." 1 Vet.App. at 53.

We find the BVA determination of the appellant's degree of impairment to be one of fact. The competing legal principles involved in this case are: (a) severely impaired veterans are entitled to seventy percent disability; (b) those considerably impaired are entitled to fifty percent. The Board's task was to sift through the evidence, analyze and weigh it, and apply it to one of the legal principles stated above. It is analogous to what a jury does in a trial.

Put another way the degree of impairment is necessarily a factual determination, the conclusion flowing from that fact, a legal determination.

We have reviewed the facts that were available to the BVA. We have also reviewed the discussion and analysis of those facts in the BVA decision. We are satisfied the Board carefully, thoroughly, and impartially weighed all the evidence in this case and that there is a plausible basis for its factual determination that the degree of impairment was not higher than "considerable." We affirm.