Sidney DUSEK, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1596.

United States Court of Veterans Appeals.

Submitted June 23, 1992.

Decided July 2, 1992.

Sidney Dusek, pro se.

James A. Endicott, Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Michele Russell Katina, Washington, D.C., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and IVERS, Associate Judges.

MANKIN, Associate Judge:

The veteran, Sidney Dusek, appeals from an October 25, 1990, decision of the Board of Veterans' Appeals (BVA or Board), which denied entitlement to an increased disability rating for the veteran's service-connected sinusitis and hemorrhoid conditions. On February 20, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of brief, and for a stay of proceedings pending a ruling on the motion. The Court has jurisdiction of the case pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)). Because the Court finds no error in the Board's decision, the Secretary's motion for summary affirmance will be granted, and the decision will be affirmed.

## I. FACTUAL BACKGROUND

Sidney Dusek served on active duty in the military from April 1941 to November 1945. R. at 1. Effective December 1945, the Veterans' Administration (now Department of Veterans Affairs) (VA) granted the veteran service connection for hemorrhoids rated as 0% disabling (non-compensable) and, effective in August 1968, a 10% disability rating was awarded for service-connected sinusitis. R. at 55.

On April 20, 1989, the veteran filed a claim for an increased rating for both conditions and provided the name of his treating physician, Dr. D.R. Riordan. R. at 34. A VA Report of Medical Examination for Disability Evaluation, dated March 27–28, 1980, showed a diagnosis of sinusitis, chronic, recurrent and external hemorrhoids with postoperative scars. R. at 22. The veteran left the clinic prior to being seen for a consultation examination on April 25, 1980. R. at 23. Other private medical records from 1980 to 1989 were submitted showing treatment for nasal stuffiness, congestion, bleeding, and a cauterization of the nasal septum. R. at 24–33. The veteran also submitted a May 18, 1989, statement from Dr. Truman Johnson that he treated the veteran for sinusitis from March 1980 to January 1981 and has not seen him since then. R. at 35. A May 19, 1989, statement from Dr. John J. Walsh indicates that he treated the veteran for sinus infection in January 1977, December 1977, and December 1979, but never treated the veteran for hemorrhoids and has not seen him since April 1981. R. at 36.

In a June 9, 1989, Confirmed Rating Decision, the rating board found that the veteran had not shown entitlement to an increased rating above the current 10% disability rating for sinusitis and 0% for hemorrhoids. R. at 37. The veteran filed a Notice of Disagreement with that rating decision on July 22 and 26, 1989. R. at 40, 43. On June 28, 1989, the VA received the veteran's private medical records from Loma Linda University which showed treatment in 1980 for recurrent, chronic sinusitis and nose bleeds. R. at 2–18, 55. Another Confirmed Rating Decision was issued on June 28, 1989. R. at 52. In his appeal to the BVA, the veteran alleged that he was a victim of medical malpractice and racial discrimination. R. at 58. On Sep-

tember 5, 1989, the veteran's Accredited Representative noted that the veteran had not had a VA examination since March 1980, and requested that a complete examination be conducted to determine the full extent of the veteran's disabilities. R. at 60–61. On April 30, 1990, the BVA remanded the case for further development of the evidence. R. at 67–69. The Board ordered that the veteran "be afforded special examinations to determine the nature and extent of his sinusitis and hemorrhoid disorders. All indicated tests should be accomplished. The *claims folder* should be made available to the examiners prior to the examinations." R. at 68 (emphasis in original).

In response to correspondence from the VA, dated May 5, 1989 (a date the Court finds puzzling), the veteran wrote "I don't never want to see a V.A. Hospital again. Go to Hell." This response was received by the VA on June 18, 1990. R. at 70–71. Apparently, the veteran was never reexamined by the VA. On September 18, 1990, the veteran's Service Representative continued the veteran's appeal to the BVA and stated

> In compliance to the order of remand the local regional office did schedule the veteran for examination relative to both chronic sinusitis and hemorrhoids. *It is noted that the veteran did fail to report for such examination.* As a result local board of jurisdiction did again confirm and continue its earlier denial of increased evaluations.

R. at 73 (emphasis added). Consequently, the BVA decision of October 25, 1990, continued to deny entitlement to an increased rating for service-connected sinusitis, currently rated as 10% disabling, and for a compensable rating for service-connected hemorrhoids. *Sidney Dusek,* BVA 90–35650 (Oct. 25, 1990).

## II. ANALYSIS

Appellant reopened his claim for an increased disability rating for service-connected sinusitis, currently rated as 10% disabling, and for non-compensable hemorrhoids. In order to show an increased disability rating for sinusitis warranting at least a 30% rating, the veteran must present evidence that he suffers severe chronic pansinusitis manifested by frequently incapacitating recurrences, severe and frequent headaches, and a purulent discharge or crusting reflecting purulence. 38 C.F.R. § 4.96, Diagnostic Code (DC) 6510 (1991). The veteran must also present evidence that his hemorrhoids are large or thrombotic, irreducible, with excessive redundant tissue, evidencing frequent recurrences to be entitled to a compensable, 10% ·disability rating. 38 C.F.R. § 4.114, DC 7336 (1991).

Under 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)), "in order for a finding of material fact made by the BVA to be set aside, this Court must conclude that the finding is 'clearly erroneous'." *Gilbert v. Derwinski,* 1 Vet.App. 49, 52 (1990). Under this rule, the "Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA, ... we cannot overturn them." *Id.* at 53. The Board's determination of appellant's degree of impairment is a finding of fact subject to this rule. *Lovelace v. Derwinski,* 1 Vet. App. 73, 74 (1990). Accordingly, based upon the various records submitted by appellant from 1980 to 1989, the BVA correctly determined that "[t]he veteran is not shown to have the requisite symptomatology for the next higher evaluation for sinusitis or a hemorrhoid disorder." *Dusek,* BVA 90–35650, at 5.

■ It should be noted that in April 1990, the BVA remanded appellant's claim for a special medical examination to determine the nature and extent of his sinusitis and hemorrhoid disorders. A current and comprehensive examination would have clearly· assisted the veteran in supporting his claim for an increased disability rating for both sinusitis and hemorrhoids. In this case, the Board fulfilled its statutory duty to assist the veteran in developing the facts pertinent to his claim by ordering such an examination. 38 U.S.C. § 5107(a) (formerly § 3007(a)); *cf. Connolly v. Derwinski,* 1 Vet.App. 566, 569 (1991). This Court has

noted that "[t]he duty to assist is not always a one-way street. If a veteran wishes help, he cannot passively wait for it in those circumstances where he may or should have information that is essential in obtaining the putative evidence." *Wood v. Derwinski*, 1 Vet.App. 190, 193 (1991).

 In this case, a review of the record reveals that appellant refused to submit to the medical examination. R. at 70, 73. It is also noteworthy that the veteran left the facility prior to the conclusion of a VA examination in March 1980. R. at 22–23. The Board was correct in pointing out to the veteran that "under VA regulations, it is incumbent upon the veteran to submit to VA examinations if he is applying for, or in receipt of, compensation." *Dusek*, BVA 90–35650, at 4. In such a case, as the one presented on appeal, where "continued entitlement to a benefit cannot be established or confirmed without a current VA examination or reexamination and a claimant, without good cause, fails to report for such examination, or reexamination," a claim for increase shall be denied. 38 C.F.R. § 3.655 (1991). The veteran has not presented any evidence of "good cause" for failing to report to the VA medical examination.

### III.  CONCLUSION

After consideration of the supporting memoranda and review of the record, it is the holding of the Court that appellant has not demonstrated that the BVA committed either legal or factual error which would warrant reversal or remand. The Court is also satisfied that the BVA decision satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b)). *See generally Gilbert.*

The Secretary's motion is GRANTED, and the decision of the BVA is AFFIRMED.