Tranquilino M. CATALIG, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–734.

United States Court of Veterans Appeals.

Submitted April 14, 1992.

Decided Aug. 19, 1992.

Tranquilino M. Catalig, pro se.

James A. Endicott, Jr., General Counsel, Barry M. Tapp, Asst. General Counsel, Andrew J. Mullen, Deputy Asst. General Counsel, and Angela Foehl were on the pleadings, for appellee.

Before NEBEKER Chief Judge, and FARLEY and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Tranquilino M. Catalig, appeals a February 28, 1991, decision of the Board of Veterans' Appeals (BVA) which denied him entitlement to increased ratings for residuals of a shell fragment wound to the face and left ankle. The Court has jurisdiction over the case. 38 U.S.C. § 7252(a) (formerly § 4052(a)).

Appellant has recognized military service from December 1941, to April 1942, and May 1945, to June 1946. On January 27, 1987, appellant submitted a claim to the Veterans' Administration (now the Department of Veterans Affairs) (VA) Regional Office, for an increased, compensable rating for the residuals of a shell fragment wound to the face and left ankle. In support of his claim, appellant submitted a statement from his physician, who had examined him and found him to be suffering from scars which were the residuals of shrapnel wounds on the left ankle joint and face. The physician reported that under the scar on the ankle was a hard, movable body, which caused the patient to walk with difficulty; and that the scar on the face became numb during cold weather. A VA examination was performed on March 18, 1987. A healed scar of the left ankle was noted, slightly depressed, nontender, slightly disfiguring, with no muscle atrophy. No limitation of motion was found. The diagnosis was a healed scar. X rays of the jaw indicated a normal mandible and the diagnosis was a healed scar of the right mandibular area. The Regional Office denied appellant's claim for an increased rating.

Appellant then submitted a letter, dated December 4, 1988, from another physician who, upon examination, determined appellant to be suffering from chronic neuritis of the left leg starting from the ankle, and noted a hard, movable mass in the ankle underneath the scar. The physician recorded a scar on the face, and arthritis of the left ankle and knee joint, causing appellant to limp and requiring the use of a cane. The physician noted that appellant was unable to participate in any gainful occupation.

In a decision rendered on December 15, 1988, the Regional Office again denied appellant's claim, finding there was no material change in appellant's condition to warrant an increase in rating. Appellant appealed his claim to the BVA.

In a well-supported decision, the BVA noted that a VA examination in January 1959 showed that the scar on the face was nontender, nonadherent, and only slightly depressed. The scar on the left ankle was likewise nontender, nonadherent, and nondepressed, and demonstrated a full range of motion. X-ray evidence showed no evidence of any fracture or damage to the ankle or to the mandible. The BVA discussed the March 1987 VA examination and noted that it presented a "virtually unchanged disability picture." The BVA took careful note of the physician's statement of 1988, and the diagnosis of neuritis in the left leg, numbness of the face, and arthritis in the ankle. The BVA stated that, even if present those conditions "could not reasonably be regarded as shell fragment wound residuals, given the essentially asymptomatic character of wound scars shown on VA examinations" of January 1959 and March 1987.

■ This Court reviews factual determinations of the BVA under the "clearly erroneous" standard. 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)); *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990). "[I]f there is a 'plausible basis' in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, we cannot overturn them." *Id.* Ratings determinations are determinations of fact. *Lovelace v. Derwinski*, 1 Vet.App. 73 (1990).

■ Under 38 C.F.R. § 4.118 (1991), Diagnostic Code 7804, scars are rated at 10% if they are "superficial, tender and painful on objective demonstration." The BVA balanced the evidence submitted by appellant, and weighed that evidence in light of the VA examinations of record, containing

the diagnosis of appellant's scars as healed, nontender, and nonadherent. The BVA determined that appellant's condition did not warrant an increased rating for residuals of the scars to the face and ankle.

This Court holds that the BVA decision is plausible on the basis of the record presented, and that the appellant has not otherwise demonstrated that the BVA committed reversible error. The Court is also satisfied that the BVA decision complies with the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b)). *See generally Gilbert.*

The decision of the BVA is AFFIRMED.