**James W. CARROLL, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 90–1406.**

United States Court of Veterans Appeals.

June 10, 1993.

Rick Surratt (non-attorney practitioner), for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and John D. McNamee, Washington, DC, were on the pleadings, for appellee.

Before MANKIN, HOLDAWAY and IVERS, Associate Judges.

MANKIN, Associate Judge:

James W. Carroll appeals the August 29, 1990, Board of Veterans' Appeals (BVA or Board) decision which denied entitlement to an increased rating for coronary artery disease with hypertension, currently evaluated as 60% disabling, and denied entitlement to a total rating based on individual unemployability. Appellant filed a timely appeal. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991). On March 26, 1992, appellant filed a pleading in which he withdrew his claim for a total rating based on individual unemployability from his appeal. Thus, the only issue before the Court is that of entitlement to an increased rating. The Court holds that the BVA decision is clearly erroneous; therefore, we reverse the Board decision and remand the matter to the BVA to grant appellant a 100% disability rating for coronary artery disease.

## I. Background Facts

In January 1986, the Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) granted Mr. Carroll a 30% rating for service-connected coronary artery disease. In March 1988, appellant was hospitalized at Seven Rivers Community Hospital for unstable angina pectoris, hypertension, and an anterior wall myocardial infarction. On April 21, 1988, the RO granted a temporary 100% rating for coronary artery disease. This rating was to be in effect from March 10, 1988, to September 30, 1988.

In September 1988, Mr. Carroll underwent cardiac catheterization which evidenced severe coronary artery disease. On October 15, 1988, a medical examination was conducted by Dr. Keim, a VA physician in the cardiology service. Dr. Keim concluded that appellant had "significant, probably inoperable" coronary artery disease, which "would preclude him from pursuing meaningful employment." Subsequently, the RO decreased Mr. Carroll's evaluation for coronary artery disease to 60%. Confirmed rating decisions were issued.

In a letter dated October 30, 1989, Dr. Langhorne, a cardiologist, expressed concern about appellant's recurrent exertional angina, despite adequate medical therapy. The physician opined that the coronary artery disease may have progressed since the September 1988 catheterization.

On December 3, 1989, appellant was admitted to the hospital on an emergency basis for "severe ischemic heart disease, status post myocardial infarction in 1988 with unstable angina." Mr. Carroll's physician, Dr. Terrell, concluded that appellant

was "not employable" as a result of his heart disease, and pronounced him permanently and totally disabled. A confirmed rating decision was issued. On August 2, 1990, the BVA denied an increased rating for coronary artery disease, stating that none of the chronic residuals required for a 100% rating for coronary artery disease was shown.

## II. Analysis

In his motion for remand, the Secretary of Veterans Affairs (Secretary) conceded that the BVA's rationale for its determination is sparse and that the decision failed to comport with the requirement that the BVA articulate with reasonable clarity its "reasons or bases" as required by 38 U.S.C.A. § 7104(d)(1) (West 1991) and *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990). The Secretary further conceded that the BVA made no credibility determinations pertaining to appellant's sworn testimony, and had omitted extra-schedular consideration of a total rating based on individual unemployability. Appellant opposed the motion and withdrew his claim for a total rating based on individual unemployability from this appeal. The concessions in the Secretary's motion are not dispositive in this case; therefore, the Court denies the motion, and proceeds to decide the merits of appellant's claim.

The Court holds that the BVA's finding that appellant is not entitled to a 100% rating for coronary artery disease is not supported by the evidence of record and is, therefore, clearly erroneous. *See* 38 U.S.C.A. § 7261(a)(4) (West 1991); *Lovelace v. Derwinski*, 1 Vet.App. 73 (1990); *Gilbert*, 1 Vet.App. at 52–53. The Court must affirm the BVA's factual findings unless a determination is found to be "clearly erroneous." *Id.* In determining whether a finding is clearly erroneous, "this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert*, 1 Vet.App. at 53. There is no plausible basis for the BVA's finding that appellant is not entitled to a 100%

rating. The criterion for a 60% evaluation under 38 C.F.R. § 4.104, Diagnostic Code (DC) 7005 (1992) is as follows:

> Following typical history of acute coronary occlusion or thrombosis as above [as listed in the 100% rating criteria], or with history of substantiated repeated anginal attacks, more than light manual labor not feasible.

The criterion for a 100% rating includes:

> After 6 months [following acute illness from coronary occlusion or thrombosis, with circulatory shock], with chronic residual findings of congestive heart failure or angina on moderate exertion or more than sedentary employment precluded.

Dr. Terrell, a private physician, found that appellant was not employable due to his heart condition. Dr. Keim, a VA physician, concluded that Mr. Carroll was precluded from all meaningful employment. These medical findings meet the "more than sedentary employment precluded" requirement of a 100% rating pursuant to DC 7005. Furthermore, there is no evidence to support the BVA's finding to the contrary. *See Karnas v. Derwinski*, 1 Vet.App. 308, 311 (1991) (Because there is no evidence to support the BVA determination, the Board's finding is not plausible).

Accordingly, the August 29, 1990, BVA decision is REVERSED, and the matter REMANDED with directions to assign appellant a 100% rating for coronary artery disease pursuant to 38 C.F.R. § 4.104, DC 7005.