**Clifford SMITH, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–1495.

United States Court of Veterans Appeals.

Argued Feb. 18, 1993.

Decided July 22, 1993.

Susan Paczak, Pittsburgh, PA, for appellant.

Peter M. Donawick, with whom James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, and R. Randall Campbell, Deputy Asst. Gen. Counsel, Washington, DC, were on the brief, for appellee.

Before FARLEY, MANKIN and STEINBERG, Judges.

MANKIN, Judge:

Appellant appeals a May 7, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied service connection for residuals of a head injury. The Court has jurisdiction over the case pursuant to 38

U.S.C.A. § 7252(a) (West 1991). The decision of the BVA is affirmed.

Appellant served in the United States Air Force from September 21, 1966, to August 25, 1970. R. at 32. His service medical records show no preservice history of trauma to the head, dizziness, fainting spells, or eye trouble. R. at 1. On July 29, 1968, appellant suffered a head injury when he was hit by the boom of a wrecker. R. at 6. Two days after the accident appellant complained of blurred vision, "[h]at band" headaches, and flashes of light. R. at 8. X-rays of appellant's skull indicated no abnormalities. An examination of appellant's head revealed moderate to severe pain at the nape of the neck and difficulty rotating the head. Appellant did not receive any further treatment for symptoms relating to the head injury during his remaining two years of service. Appellant's discharge examination report disclosed "[f]requent headaches, medically treated each episode with good results, no comp[lications], no seq[uela]." R. at 28. The results from a clinical evaluation of appellant's head and eyes and a neurological examination were normal. R. at 29.

In November 1970, appellant submitted a claim for service connection for a knee condition. He did not mention any residuals from his head injury. A report from a 1971 Veterans' Administration (now Department of Veterans Affairs) (VA) examination indicates that appellant's head, neck, and eyes were normal. R. at 35. It was not until July 1988 that appellant submitted a claim for service connection for residuals of a head injury. R. at 49, 51. In October 1988, a VA medical examination of appellant's head was performed. The examining physician noted appellant's history of head injury, and his current complaints of blurred vision and severe headaches. No neurological deficit was noted. The diagnosis was headache, "presumably" due to head injuries. R. at 59.

Appellant's claim for service connection for head injury residuals was denied by rating decision on February 7, 1989. The rating board found that the head injury was acute and left no ascertainable residuals. In addition, the rating board determined that appellant had failed to furnish any evidence showing continuity of treatment. R. at 62–63. Appellant filed a Notice of Disagreement on October 17, 1989, and subsequently perfected his appeal to the BVA. R. at 66, 74. A hearing was held before a VA hearing officer on February 1, 1990. Appellant testified that he had blurring and double vision, and that he experienced blackouts. R. at 80. He stated that he was treated for headaches at a VA hospital in Denver in 1976. R. at 82. In addition, he testified that he was treated by a private physician, Dr. Thomas, between 1976 and 1988, and was seen at a Pittsburgh VA hospital in August 1988. R. at 83. The most recent medical evidence of record consists of VA medical progress notes from January 1989 to April 1990 which reveal severe right unilateral retro-orbital headaches with nausea, blurring, and double vision, with a diagnosis of migraine headache and probable depression. R. at 96–98. In the May 7, 1991, decision now on appeal, the BVA denied appellant's claim, finding that chronic residuals of a head injury were not incurred in or aggravated by service.

In its decision the Board acknowledged that the veteran was treated during service for a head injury which resulted in headache and dizziness. The Board determined that from August 1968 until separation from service in May 1970, the record reflects no treatment for or complaints of residuals of a head injury. The BVA noted that the report of the VA examination performed in January 1971, less than one year after discharge, is negative for any symptomatology which could be attributable to a head injury and found no indication in the record of post-service medical treatment for headaches or other symptoms until 1988. *Clifford T. Smith*, BVA 91–14726, at 5 (May 7, 1991). The Board concluded that

> the episode for which the veteran was treated in service in 1968 was acute and transitory, because there is no continuity of symptomatology thereafter during

service or for many years after separation.

*Id.* at 6.

 The Court must affirm the BVA's factual determinations unless they are found to be "clearly erroneous." 38 U.S.C.A. § 7261(a)(4) (West 1991); *see Lovelace v. Derwinski,* 1 Vet.App. 73 (1990); *Gilbert v. Derwinski,* 1 Vet.App. 49, 52–53 (1990). In determining whether a finding is clearly erroneous, "this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert,* 1 Vet.App. at 53. "Although the BVA decision is not a model of draftsmanship, we find that it contains a plausible basis for the BVA's factual determination in this case and that the BVA has provided adequate reasons and bases for its decision." *Stegman v. Derwinski,* 3 Vet.App. 228, 230 (1992); *Hillyard v. Derwinski,* 1 Vet.App. 349, 352 (1991). The Board's decision to deny an award of service connection is AFFIRMED. Appellant is always free to attempt to reopen his claim for service connection by submitting new and material evidence pursuant to 38 U.S.C.A. § 5108 (West 1991).