**Marcelo L. BADUA, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–1542.

United States Court of Veterans Appeals.

Oct. 5, 1993.

Marcelo L. Badua, pro se.

James A. Endicott, Jr., Gen. Counsel, Robert E. Coy, Acting Gen. Counsel, Norman G. Cooper, Acting Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Jacqueline M. Sims, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and MANKIN, Judges.

MANKIN, Judge:

Marcelo L. Badua appeals the July 10, 1991, Board of Veterans' Appeals (BVA or Board) decision which determined that Lea Relox may not be considered the lawful spouse of appellant for purposes of Department of Veterans Affairs (VA) disability pension benefits. The Secretary filed a motion for summary affirmance. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991). We hold that the BVA's findings of fact do have a plausible basis in the record and hence are not clearly erroneous.

## I. Factual Background

Marcelo Badua served in the U.S. Army from July 1942 to April 1946. He married Myrtle Murphy on June 14, 1949, in California. Shortly thereafter, Myrtle left for a vacation; appellant was notified that while on vacation Myrtle died of pneumonia. Appellant's second marriage to Yola (last name unknown) occurred in Colorado, approximately in 1973. Seven years later, in 1980, appellant and Yola separated when she went to live with another man. Appellant admits that he never obtained a divorce from Yola. Appellant contends that he married Lea Relox, on November 26, 1986, in the Philippines, and submitted two different marriage contracts as evidence. Prior to her relationship with appellant, Lea had a common law marriage with appellant's brother Catalino, who died in 1979.

Appellant filed a claim to receive additional pension benefits for Lea, as his spouse. The VA Regional Office (RO) denied additional pension, stating that appellant has a prior undissolved marriage to his second wife, Yola, which, according to Philippine law, renders his subsequent marriage to Lea illegal and void. The RO noted that Yola's death cannot be presumed because her disappearance cannot be considered unexplained. Appellant's claim was denied by a July 10, 1991, BVA decision which is before this Court for review.

## II. Analysis

The determination whether appellant's third wife, Lea, is his lawful spouse for the purposes of receiving additional VA disability pension benefits depends on whether he had an existing marriage to Yola. That determination is a finding of fact that the Court must affirm unless that determination is found to be "clearly erroneous." 38 U.S.C.A. § 7261(a)(4) (West 1991); *see Lovelace v. Derwinski,* 1 Vet. App. 73 (1990); *Gilbert v. Derwinski,* 1 Vet.App. 49, 52–53 (1990). In determining whether a finding is clearly erroneous, "this Court is not permitted to substitute

its own judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert*, 1 Vet.App. at 53. We hold that there is a plausible basis for the BVA's refusal to recognize appellant's third marriage as valid for the purposes of receiving additional pension benefits because appellant admits he was never divorced from Yola. In addition, the Court is satisfied that the BVA decision, with regard to this claim, meets the "reasons or bases" requirements of 38 U.S.C.A. § 7104(d)(1) (West 1991) and the benefit of the doubt doctrine of 38 U.S.C.A. § 5107(b) (West 1991).

Since the putative marriage between appellant and his third wife took place in the Philippines, Philippine law applies. *See* 38 U.S.C.A. § 103(c) (West 1991); 38 C.F.R. § 3.1(j) (1992). In its decision, the BVA relied on Article 83 of the Civil Code of the Philippines which provides as follows:

Any marriage subsequently contracted by any person during the lifetime of the first spouse of such person with any person other that such first spouse shall be illegal and void from its performance, unless:

(1) the first marriage was annulled or dissolved; or (2) the first spouse had been absent for seven consecutive years at the time of the second marriage without the spouse present having news of the absentee being alive, or if the absentee, though he has been absent for less than seven years, is generally considered as dead and believed to be so by the spouse present at the time of contracting such subsequent marriage, or if the absentee is presumed dead.... The marriage so contracted shall be valid in any of the three cases until declared null and void by a competent court.

The presumption of death provision set out in 38 U.S.C.A. § 108 (West 1991) provides:

If evidence satisfactory to the Secretary is submitted establishing the continued and unexplained absence of any individual from that individual's home and family for seven or more years, and establishing that after diligent search no evidence of that individual's existence after the date of disappearance has been found or received, the death of such individual as of the date of the expiration of such period shall be considered as sufficiently proved.

With regard to appellant's second wife, Yola, the BVA determined that appellant did not meet the requirements of Article 83(2) because he wed his third wife only *six years* after his second wife first became absent and he did not believe that his second wife was dead at the time of his remarriage. (This Court also notes that the presumption of death was not applicable because the absence of his second wife was not "unexplained" and there was no diligent search to ascertain her existence. *See* 38 U.S.C.A. § 108 (West 1991).) Therefore, the BVA found that, since appellant's second marriage was never terminated by divorce or by death, appellant's third marriage was invalid under Philippine law and his third wife cannot be recognized as his spouse for the purposes of receiving VA benefits. We find that there is adequate evidence in the record to support the Board's determination.

### III. Conclusion

The Court holds that there is a plausible basis in the record for the BVA finding that appellant's third marriage was invalid for the purposes of receiving additional pension benefits. Accordingly, the July 10, 1991, decision of the BVA is AFFIRMED.