﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200813-89027
DATE: March 31, 2021

ORDER

Recognition of the appellant as the Veteran’s surviving spouse for the purpose of establishing eligibility to Department of Veterans Affairs (VA) death benefits is granted.

FINDINGS OF FACT

1. The Veteran was still married to L.W. at the time of his marriage to the appellant in April 1985.

2. The appellant entered into the marriage without knowing it would be invalid. 

3. The evidence demonstrates that the Veteran and the appellant had cohabitated continuously from the date of marriage to the date of his death, with any separation due to the misconduct of, or procured by, the Veteran without the fault of the appellant, and subsequently established a common law marriage under the laws of the District of Columbia (D.C.).

4. No claim has been filed by a legal surviving spouse who has been found entitled to gratuitous death benefits other than accrued monthly benefits covering a period prior to the Veteran’s death.

CONCLUSION OF LAW

The criteria for recognition of the appellant as the Veteran’s surviving spouse for purpose of establishing eligibility to VA death benefits have been met. 38 U.S.C. §§ 101, 103, 1304, 5124, 5107; 38 C.F.R. §§ 3.1(j), 3.50, 3.52, 3.53, 3.54, 3.204, 3.205.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from August 1974 to August 1976. He died in April 2020 and the appellant is seeking recognition as his surviving spouse. This matter comes to the Board of Veterans’ Appeals (Board) on appeal from a decision issued in May 2020 by a VA Regional Office (RO) under the modernized appeals system known as the Appeals Modernization Act (AMA). In August 2020, the appellant filed a timely Decision Review Request: Board Appeal (Notice of Disagreement) (VA Form 10182). In such election, she requested a Board hearing before a Veterans Law Judge, which was conducted before the undersigned in November 2020. A transcript of the hearing is associated with the record. Based on the appellant’s election, the Board may only consider the evidence of record at the time of the issuance of the decision on May 23, 2020, and any evidence submitted by the appellant at the hearing or within 90 days thereafter, i.e., by February 11, 2021. 38 C.F.R. § 20.302(a).

Entitlement to recognition of the appellant as the Veteran’s surviving spouse for the purpose of establishing eligibility to VA death benefits.

When a veteran dies, his or her surviving spouse may be eligible for VA death benefits. See 38 U.S.C. §§ 101(3), 103(c), 1541; 38 C.F.R. §§ 3.3(b)(3), 3.50(a), 3.54. VA death pension may be paid to a surviving spouse who was married to the veteran (1) one year or more prior to the veteran’s death; or (2) for any period of time if a child was born of the marriage, or was born to them before the marriage; or (3) prior to the applicable delimiting date. 38 U.S.C. §§ 1102, 1304, 1532, 1534, 1536, 1541; 38 C.F.R. § 3.54(a). With respect to the latter, the applicable delimiting date in the instant case is May 8, 1985, based on the Veteran’s active duty service during the Vietnam era from August 1974 to August 1976. 

VA death compensation and VA dependency and indemnity compensation may be paid to a surviving spouse who was married to the veteran (1) before the expiration of 15 years after termination of the period of service in which the injury or disease which caused the veteran’s death was incurred or aggravated; or (2) one year or more; or (3) for any period of time if a child was born of the marriage, or was born to them before the marriage. 38 U.S.C. §§ 1102, 1304; 38 C.F.R. § 3.54(b), (c).

VA defines a “marriage” as a marriage valid under the law of the place where the parties resided at the time of marriage, or the laws of the place where the parties resided when the right to benefits accrued. 38 U.S.C. § 103(c); 38 C.F.R. § 3.1(j); Sanders v. Brown, 6 Vet. App. 17 (1993). One claiming to be the spouse of a veteran has the burden to come forward with a preponderance of evidence of a valid marriage under the laws of the appropriate jurisdiction. See Aguilar v. Derwinski, 2 Vet. App. 21, 23 (1991). The term “surviving spouse” is defined as a person who (1) was the lawful spouse of a veteran at the time of the veteran’s death, and (2) who lived with the veteran continuously from the date of marriage to the date of the veteran’s death, except where there was a separation which was due to the misconduct of, or procured by, the veteran without fault of the spouse, and (3) who has not remarried. 38 U.S.C. § 101(3); 38 C.F.R. §§ 3.1(j), 3.50(b)(1); Gregory v. Brown, 5 Vet. App. 108 (1993). Further, the person must not have lived with another person and held themselves out openly to the public to be the spouse of such other person. 38 C.F.R. § 3.50(b)(2).

38 C.F.R. § 3.205 provides that marriage may established by one of several types of evidence including a copy of the public record of marriage, an official report from the service department as to a marriage which occurred while the veteran was in service, or an affidavit of the clergyman or magistrate who officiated. 38 C.F.R. § 3.205(a).

Under 38 C.F.R. § 3.52, an otherwise legally invalid marriage will be considered valid when (a) the marriage occurred more than 1 year before the veteran died; (b) the claimant entered into the marriage without knowing it would be invalid; (c) the claimant cohabitated with the veteran continuously from the date of marriage to the date of his or her death; (d) and “[n]o claim has been filed by a legal surviving spouse who has been found entitled to gratuitous death benefits other than accrued monthly benefits covering a period prior to the veteran’s death.” 38 C.F.R. § 3.52.

The requirement that there must be “continuous cohabitation” from the date of marriage to the date of death of the veteran will be considered as having been met when the evidence shows that any separation was due to the misconduct of or procured by the veteran without the fault of the surviving spouse. 38 C.F.R. § 3.53(a). In this regard, temporary separations which ordinarily occur, including those caused for the time being through fault of either party, will not break the continuity of the cohabitation. 38 C.F.R. § 3.53(a). If the evidence establishes that the separation was by mutual consent and that the parties lived apart for purposes of convenience, health, business, or any other reason which did not show an intent on the part of the surviving spouse to desert the veteran, the continuity of the cohabitation will not be considered as having been broken. 38 C.F.R. § 3.53(b). The statement of the surviving spouse as to the reason for the separation will be accepted in the absence of contradictory information. Id. 

In Gregory v. Brown, 5 Vet. App. 108, 112 (1993), the Court identified a two-part test to determine whether a spouse can be deemed to have continuously cohabited with a veteran even if a separation has occurred. First, the spouse must be free of fault in the initial separation. Second, the separation must have been procured by the veteran or due to his misconduct, with the fault determination based on an analysis of the conduct at the time of separation. Id. The mere acts of seeking divorce and failing to reconcile are not relevant to the question of fault at the time of separation, particularly if the spouse has been physically and emotionally abused. Id. 

Here, the record reflects that the Veteran and the appellant resided in Virginia at the time of their marriage in April 1985; however, they lived together in Washington, D.C., since at least 2017 prior to the Veteran’s death in April 2020 and where the right to benefits accrued. With regard to the Veteran’s marital history, a Report of Divorce or Annulment from the Commonwealth of Virginia Department of Health reflects the Veteran married L.W. in June 1975 and divorced her in December 1986. A certificate of marriage from the Commonwealth of Virginia Marriage Register shows the Veteran and the appellant married in April 1985. Thus, he was still married to L.W. at the time of his marriage to the appellant in April 1985. In October 2019, the RO contacted VA Regional Counsel and inquired as to whether the appellant’s marriage to the Veteran was valid, given that he was still married to L.W. at the time of his marriage to the appellant. In November 2019, VA Regional Counsel responded that the Veteran’s marriage to the appellant is void under Virginia law as he was still legally married to L.W. at the time. 

Subsequent to the Veteran’s marriage to the appellant, a Judgement of Absolute Divorce from D.C. reflects the Veteran married B.W. in February 1990 and divorced her in February 1998, a Judgement of Absolute Divorce from D.C. reflects the Veteran married D.W. in April 1998 and divorced her in July 2001, and a Certificate of Marriage from D.C. reflects the Veteran married L.B. in October 2002. Further, per VA Regional Counsel, although the Veteran filed for a divorce from L.B. in August 2006, it was dismissed it January 2007. Finally, a Judgement of Absolute Divorce from the D.C. reflects the Veteran married T.W. in February 2015 and divorced her in November 2019. 

Thus, as the Veteran was still married to L.W. at the time of his marriage to the appellant, the latter marriage is legally invalid under local law. See VA. CODE ANN. § 20-38.1(1) (declaring as “prohibited, marriage entered into prior to the dissolution of an earlier marriage of one of the parties[.]”). The prohibition of marriages of any persons either of whom has been previously married and whose previous marriage has not been terminated by death or a decree of divorce constitutes a “legal impediment” under 38 C.F.R. § 3.52.

However, as noted previously, an otherwise legally invalid marriage will be considered valid when (a) the marriage occurred more than 1 year before the veteran died; (b) the claimant entered into the marriage without knowing it would be invalid; (c) the claimant cohabitated with the veteran continuously from the date of marriage to the date of his or her death; (d) and “[n]o claim has been filed by a legal surviving spouse who has been found entitled to gratuitous death benefits other than accrued monthly benefits covering a period prior to the veteran’s death.” 38 C.F.R. § 3.52.

With regard to the first element under 38 C.F.R. § 3.52, the evidence is not in dispute, the appellant married the Veteran in April 1985, thus more than a year before he died in April 2020. 

Secondly, the Board finds that the appellant did not know the marriage would be invalid. “The determination of a claimant’s knowledge of a legal impediment is viewed in terms of ‘what the appellant’s state of mind was at the time that the invalid marriage was contracted.’” See Lamour v. Peake, 544 F.3d 1317, 1322 (Fed. Cir. 2008) (quoting Dedicatoria v. Brown, 8 Vet. App. 441, 444 (1995)). Here, during the Board hearing, the appellant asserted that her marriage should be deemed valid and VA should recognize her as the Veteran’s surviving spouse because she was unaware of the fact that he was married to L.W. at the time of her marriage to him in April 1985. Furthermore, as will be discussed below, the Veteran has a long history of confusion of his marital status due to his service-connected schizophrenia and, thus, it is plausible that he was unaware of the status of his marriage to L.W. at the time he married the appellant. Thus, as there is no evidence to the contrary, the Board accepts the appellant’s statement that she had no knowledge of an impediment to her marriage to the Veteran. 38 C.F.R. § 3.205(c).

Third, the Board finds that the appellant had cohabitated with the Veteran continuously from the date of their marriage until his death. As noted, under 38 C.F.R. § 3.53, the requirement that there must be continuous cohabitation from the date of marriage to the date of death of the veteran will be considered as having been met when the evidence shows that any separation was due to the misconduct of, or procured by, the veteran without the fault of the surviving spouse. Temporary separations which ordinarily occur, including those caused for the time being through fault of either party, will not break the continuity of the cohabitation. Although the appellant did not physically cohabitate with the Veteran during some periods of time, it was due to the misconduct of, or procured by, the Veteran due to his service-connected psychiatric disability without fault of the appellant. 38 C.F.R. § 3.53. Under 38 C.F.R. § 3.53(b), the statement of the surviving spouse as to the reason for the separation will be accepted in the absence of contradictory information. 

In this regard, the appellant has reported that, because of the Veteran’s service-connected schizophrenia, he disappeared for long periods of time and she was unable to contact him. In this regard, the record is replete with documentation of the severity of the Veteran’s psychiatric disability, which has been rated as 100 percent disabling as of July 1, 1992, and he was rated as incompetent from December 14, 1994, to February 28, 2007. Nonetheless, the Veteran ultimately returned to the appellant, they subsequently resumed their martial relationship, and ultimately established a common law marriage under the laws of D.C. Specifically, In a February 2007 competency examination, the Veteran indicated that he was married to his current wife for twenty-two years and they have a sixteen-year-old son together. It is apparent that the Veteran was referring to the appellant as he married her in 1985 (22 years at the time of the examination) and his step-son, S.L., who was sixteen years at the time of the examination, as reflected in a birth certificate received in March 2007. Additionally, in a February 2018 statement, the Veteran appointed the appellant to handle his finances. In a February 2018 letter from a bishop affiliated with a ministry in Maryland indicated that the appellant and Veteran were two faithful members of the church and, in April 2007, he officiated their wedding vow renewal ceremony. 

Furthermore, in December 2019, the appellant submitted a copy of the lease agreement she and Veteran entered into in May 2018, and statutory power of attorney (POA), medical directive, appointment of agent to control disposition of remains appointing the Veteran to act on her behalf if she is unable to act. She also submitted a special POA from the Veteran that appointed her as his POA, and she indicated that the Veteran recognized her as his legal wife. In December 2020, the appellant submitted a copy of the Veteran’s October 2018 Last Will and Testament giving all property and rights to the appellant with respect to his personal property. In a February 2020 Supporting Statement Regarding Marriage (VA Form 21-4171), a friend who knew the appellant and the Veteran for 20 years stated that they were generally known as married, he considered them married and attended their wedding ceremony, and they had lived together continuously in D.C. since 2014. The Veteran’s April 2020 death certificate indicates that he was married to the appellant and they lived in Washington, D.C. Thus, the appellant’s statements and the above evidence support the finding of continuous cohabitation from the date of marriage to the date of death of the Veteran, with any separation due to the misconduct of, or procured by, the Veteran without the fault of the appellant.

Furthermore, the appellant and the Veteran ultimately established a common law marriage under the laws of D.C. 38 U.S.C. § 103(c); 38 C.F.R. § 3.1 (j). In this regard, D.C. recognizes common law marriage and requires the following elements to establish that a common law marriage exists: “cohabitation as husband and wife, following an express mutual agreement, which must be in words of the present tense.” Coleman v. United States, 948 A.2d 534, 544 (D.C. 2008) (internal quotation marks); see also Coates v. Watts, 622 A.2d 25, 27 (D.C. 1993) (“Although there is no set formula required for the [express mutual] agreement, the exchange of words must inescapably and unambiguously imply that an agreement was being entered into to become man and wife as of the time of the mutual consent.”) (internal quotation marks omitted). In the instant case, for the reasons previously discussed, to specifically include the April 2007 vow renewal ceremony, subsequent cohabitation with the recognition of their marriage by friends, and the recent legal documents signed by both parties appointing the other as their POA and/or beneficiaries, the Board finds that the Veteran and appellant cohabitated as husband and wife following an express mutual agreement made in the present tense.

Finally, no claim has been filed by a legal surviving spouse who has been found entitled to gratuitous death benefits other than accrued monthly benefits covering a period prior to the Veteran’s death. In this regard, the Board recognizes that, in February 2021, L.B. submitted a statement detailing abuse from the Veteran, and requested a copy of their marriage certificate and his military discharge record. However, she has not filed a claim for recognition as the Veteran’s surviving spouse. Moreover, as the Board has recognizes the appellant as the Veteran’s surviving spouse herein and has found that the Veteran cohabitated continuously with her, the Board conversely finds L.B. is not the Veteran’s surviving spouse, as the evidence reflects that she had not “lived with the veteran continuously from the date of marriage to the date of the veteran’s death” as required to be a surviving spouse under 38 U.S.C. § 101(3). Here, L.B.’s circumstances are different from the appellant’s marriage with the Veteran as she had not lived with the Veteran from at least 2007 to 2020, at the time of the Veteran’s death, which is over a decade before he died. Thus, the Veteran lived with another person, i.e., the appellant, and held himself out openly to the public to be the spouse of such other person and L.B. is not recognized as a surviving spouse. 38 C.F.R. § 3.50(b)(2).

Thus, as the appellant has met all 4 elements under 38 C.F.R. § 3.52, the Board finds that the marriage is deemed valid. For the foregoing reasons, she is recognized as the Veteran’s surviving spouse for the purpose of establishing eligibility to VA death benefits. Thus, her claim for such benefits should be adjudicated by the RO on the merits.

 

 

A. JAEGER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Sarah Campbell, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.